[Cite as *State v. Bertloff*, 2014-Ohio-1077.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100100

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN P. BERTLOFF, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569358-A

**BEFORE:** S. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Marcus A. Henry
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Brian P. Bertloff, Jr., appeals the denial of a motion for suppression of evidence. For the reasons stated herein, we affirm the judgment of the trial court.

{¶2} Appellant was indicted with eight counts of drug trafficking, four counts of drug possession, and one count of possessing criminal tools, as well as specifications on some counts. During the course of proceedings, appellant filed a motion for suppression of evidence. After a hearing, the trial court denied the motion. Thereafter, appellant entered a plea of no contest to the indictment. Following merger of the offenses, the trial court sentenced appellant to a total prison term of one year and nine months.

{¶3} Appellant timely appealed. His sole assignment of error challenges the trial court's denial of his motion for suppression of evidence. Appellant claims the affidavit supporting the search warrant in this case lacked sufficient probable cause to justify the search of his residence.

{¶4} In determining whether there is probable cause to issue a search warrant, a judge or issuing magistrate must

> "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 33, quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In reviewing a probable-cause affidavit submitted in support of a search warrant, a reviewing court must simply ensure the affidavit provided a substantial basis for the

magistrate's conclusion that probable cause existed. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus. Any after-the-fact scrutiny of the sufficiency of an affidavit should not take the form of a de novo review; rather, great deference should be accorded to the magistrate's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.*, following *Gates*.

{¶5} In this case, Detective John Guzik averred in his affidavit that in November 2012 he received information from a confidential source ("the CS") that a male named "Brian" was trafficking heroin, would package the purported heroin within his residence, identified as 2198 West 93rd Street (down) in Cleveland, and was transporting the purported heroin in a silver Chevrolet Malibu to surrounding communities. Upon responding to the subject residence, Det. Guzik observed a silver Chevrolet Malibu in the driveway. The vehicle was registered to "Brian Bertloff, Jr.," at 9302 Willard Avenue, which police later determined was Bertloff's grandparents' address and was located directly behind the subject residence. The CS positively identified "Brian" from a Bureau of Motor Vehicles ("BMV") photo of Brian Bertloff, Jr. (hereafter "appellant").

{¶6} Det. Guzik further averred that in November 2012, the CS made two controlled purchases of heroin from appellant after conversing with appellant via his cell phone. A field test that was performed on the purchased narcotics was positive for heroin, and the detective described the narcotics as being similar in appearance, size, and/or packaging to heroin seized during numerous drug investigations.

{¶7} Det. Guzik averred that during the first transaction, police observed appellant arrive at the "meet" location in his silver Chevrolet Malibu. The CS entered the vehicle where the controlled purchase was completed, and appellant immediately returned to the address at 2198 West 93rd Street. The second transaction occurred within the same month and occurred within 48 hours of the submitted affidavit. After the CS made the call for the second transaction, police observed appellant arrive at the subject residence, enter and exit the residence, respond in his silver Chevrolet Malibu to the meet location where the controlled purchase of heroin was completed, and immediately return to the subject residence.

{¶8} Police also observed appellant entering and departing from the north door of the subject residence during stationary surveillance. Det. Guzik received information from another detective concerning a complaint of drug activity associated with the subject residence. The complaint advised of a male, identified as Brian Bertloff, Jr., exiting the subject residence and selling drugs to purchasers in the backyard of his grandparents' residence.

{¶9} Upon our review, we find that the facts in the affidavit gave the judge issuing the warrant a substantial basis for concluding that a fair probability existed that narcotics and other contraband would be found on the premises. The cases cited by appellant are distinguishable from this action. *See State v. Gales*, 143 Ohio App.3d 55, 61-62, 757 N.E.2d 390 (8th Dist.2001) (affidavit for search warrant lacked timely information); *State v. Williams*, 8th Dist. Cuyahoga No. 98100, 2013-Ohio-368 (affidavit for search warrant

lacked sufficient information to link defendant to subject residence). The affidavit in this case contains substantial information linking appellant and his drug activity to the subject premises and conveyed timely information.

{¶10} The affidavit reflects that the police received information from a CS who identified appellant from a BMV photo; the address listed in appellant's BMV information was directly behind the subject residence; the police conducted two controlled purchases of heroin from appellant within the same month; appellant was observed exiting and returning to the subject residence both in relation to the drug transactions and during stationary surveillance; and the police received a separate complaint of suspected drug activity linking appellant to the residence and reporting him selling drugs in his grandparents' backyard, which was directly behind the subject residence. Affording deference to the determination of probable cause, we uphold the validity of the search warrant.

{¶11} Accordingly, we find the trial court properly denied the motion for suppression of evidence. Appellant's sole assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR